Bai Xiang v. Holder

BIA
A 097 749 118

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

─────────────────────────────────

YU BAI XIANG,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

09-1593-ag
NAC

─────────────────────────────────

FOR PETITIONER: Don W. Pak, Philadelphia, Pennsylvania.

FOR RESPONDENT: Tony West, Assistant Attorney General, Civil Division; Keith I. McManus, Senior Litigation Counsel; Michele Y.F. Sarko, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yu Bai Xiang, a native and citizen of the People's Republic of China, seeks review of a March 20, 2009 order of the BIA denying her motion to reopen her removal proceedings. *In re Yu Bai Xiang*, No. A 097 749 118 (B.I.A. Mar. 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 C.F.R. § 1003.2(c)(2). Under the doctrine of equitable tolling, however, these time and number restrictions may be relaxed to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in seeking to vindicate his or her rights. *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008). Here, the BIA did not abuse its discretion in denying petitioner's untimely motion to reopen based on her failure to exercise

2

such diligence.

Petitioner had knowledge of the facts and events supporting her ineffective assistance claim no later than March 2008. She waited over eight months, until December 2008, however, to raise the claim in her second untimely motion to reopen. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 715-16 (2d Cir. 2007) (holding that waiting eight months to file motion to reopen did not demonstrate due diligence). Even if we were to credit petitioner's argument that "it was reasonable to wait for a decision [on the pending motion to reissue and reopen] before filing an ineffective assistance of counsel claim," Pet'r's Reply at 4, she waited nearly five months after the BIA issued that decision in July 2008 before filing her second motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe, Clerk

3